Edgar D. Lee
5138 W. Country Club Dr.
Highland, UT 84003

Phone: (801) 830-3107

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JAN 2 1 2025

GARY P. SERDAR
CLERK OF COURT
BY _____
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| EDGAR D. LEE<br><br>Plaintiff,<br><br>vs.<br><br>PERKINELMER U.S. LLC, a Delaware limited liability company; DOMINIC GOSTICK, an individual; DIRK BONTRIDDER, an individual; and DOES 1-10, inclusive;<br><br>Defendants. | **COMPLAINT FOR DAMAGES FOR:**<br><br>1) Defamation;<br>2) Age Discrimination (Violation of 29 U.S.C. § 621 et seq.);<br>3) Failure to Pay Wages (Violation of Utah Code §§ 34-28-5(1)(a), 34-27-1);<br>4) Late Payment of Wages (Violation of Utah Code § 34-28-5(1)(c)); and<br>5) Promissory Estoppel.<br><br>**JURY TRIAL DEMANDED** |

PLAINTIFF EDGAR LEE (hereinafter "Plaintiff"), respectfully submits the instant Complaint for Damages and Demand for Jury Trial against Defendants PERKINELMER US LLC ("PERKINELMER"), DOMINIC GOSTICK ("GOSTICK"), DIRK BONTRIDDER ("BONTRIDDER"), and DOES 1 through 10 inclusive (collectively "DEFENDANTS"), and each of them, as follows:

### PARTIES AND JURISDICTION

1.    The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

2.    Plaintiff is, and at all times herein mentioned was, a resident of Utah County, Utah.

Case: 2:25-cv-00045
Assigned To : Bennett, Jared C.
Assign. Date : 1/21/2025
Description: Lee v. Perkinelmer U.S et al

1

3. Plaintiff is informed and believes that Defendant PERKINELMER is a Delaware limited liability company that was, at all times herein mentioned, operating in the State of Utah.

4. Plaintiff is informed and believes that Defendant GOSTICK is an individual who is residing in the United States, and who is/was PERKINELMER's and DOES 1-10's Chief Technology Officer.

5. Plaintiff is informed and believes that Defendant BONTRIDDER is an individual who is residing in the United States, and who is/was PERKINELMER's and DOES 1-10's Chief Executive Officer.

6. Plaintiff is ignorant of the true names or capacities of the defendants sued here under the fictitious names DOE 1 through DOE 10, inclusive. DOES 1 through 10 refer to corporations, limited liability companies, partnerships, other business entities, or individual defendants.

7. Plaintiff is informed and believes that each DOE defendant was responsible in some manner for the occurrences and injuries alleged in this Complaint. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are unknown persons and/or entities. Plaintiff will amend this complaint to show their true names and capacities when they have been ascertained.

8. Plaintiff is further informed and believes, and thereon alleges, that each of the fictitiously named DOE DEFENDANTS is negligently, intentionally, or otherwise responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries and damages as alleged herein were proximately caused by their conduct.

9. Plaintiff is informed and believes, and thereon alleges, that DOE DEFENDANTS, and each of them, at all relevant times herein were the agents, employees, servants, joint venturers, alter egos, parents, subsidiaries, management companies, holding companies, directors, fiduciaries, representatives, and/or co-conspirators of each of the remaining DOE DEFENDANTS. GOSTICK, BONTRIDDER, AND THE DOE DEFENDANTS, in doing the things hereinafter alleged, were acting within the course and scope of such relationship and are

2

responsible in some manner for the occurrences herein alleged and, as a proximate cause, of Plaintiff's damages as herein alleged.

10. Because the DOE defendants 1 through 10 were PERKINELMER' agents, employees, servants, joint venturers, alter egos, parents, subsidiaries, management companies, holding companies, directors, fiduciaries, representatives, and/or co-conspirators, Plaintiff is informed and believes that each of them is an employer in the State of Utah.

11. Plaintiff is informed and believes, and thereon alleges, that the PERKINELMER and DOE DEFENDANTS are his employers.

12. Plaintiff is informed and believes, and on this basis alleges, that at all pertinent times mentioned herein, the DOE DEFENDANTS and each of them were and are doing business throughout the State of Utah.

13. Plaintiff thus bases jurisdiction for this action on 28 U.S.C. § 1332 (diversity of citizenship and amount in controversy) and 29 U.S.C. § 626(c)(1) (claims under the federal Age Discrimination in Employment Act ("ADEA")).

## GENERAL ALLEGATIONS

14. PERKINELMER and DOE DEFENDANTS hired Plaintiff as Director of Research and Development for Chromatography and GCMS on approximately April 1, 2015, after acquiring his prior company Torion Technologies, Inc., where Plaintiff had served as the company President.

15. Before 2021, DEFENDANTS purchased Gas Chromatography columns ("GC columns"), a chemistry tool used in testing, solely from third parties.

16. In July 2020, Plaintiff proposed to DEFENDANTS executives that the company develop and produce GC columns in-house. Doing so would save DEFENDANTS significant money and become increasingly profitable.

17. After extensive consideration and due diligence, PERKINELMER'S and DOE DEFENDANTS' executives (including its legal counsel) approved the lab proposal on or about July 2020 and directed Plaintiff to implement it.

3

18.     After PERKINELMER'S and DOE DEFENDANTS' executives approved the development, PERKINELMER and DOE DEFENDANTS built a research and development laboratory responsible for producing GC columns in El Dorado Hills, California.

19.     Plaintiff oversaw the development of GC columns at the El Dorado Hills lab. The columns were far superior to the third-party columns PERKINELMER and DOE DEFENDANTS had been purchasing.

20.     In early 2023, New Mountain Capital LLC acquired PERKINELMER and DOE DEFENDANTS.

21.     Defendant GOSTICK became Plaintiff's supervisor in late 2023.

22.     Plaintiff is informed and believes, and thereupon alleges, that in or about January 2024 Defendant GOSTICK abruptly decided to close the GC column research lab in El Dorado Hills, California.

23.     PERKINELMER and DOE DEFENDANTS fired Plaintiff allegedly "for cause" on January 19, 2024.

24.     PERKINELMER and DOE DEFENDANTS also fired three other employees associated with the El Dorado lab on the same day.

25.     GOSTICK, PERKINELMER, and DOE DEFENDANTS never gave Plaintiff any justification supporting his supposed "for cause" firing, but claimed to at least one of the concurrently fired co-workers that Plaintiff and those involved with GC columns at PERKINELMER and DOE DEFENDANTS, specifically including Plaintiff, misappropriated confidential information and/or trade secrets from one of PERKINELMER and DOE DEFENDANTS' competitors for use in the production of PERKINELMER and DOE DEFENDANTS' GC columns.

26.     Plaintiff is informed and believes that after his termination, GOSTICK and BONTRIDDER, as PERKINELMER and DOE DEFENDANTS' executives, made false and defamatory statements about Plaintiff to third parties. For example, at a monthly executive staff meeting on or about January 22, 2024, GOSTICK announced to all the senior staff present that

4

PERKINELMER and DOE DEFENDANTS had just fired Plaintiff and another employee for dishonesty. Specifically, GOSTICK said that Plaintiff and a co-worker had shared PERKINELMER and DOE DEFENDANTS' company secrets with persons outside the company. BONTRIDDER, PERKINELMER and DOE DEFENDANTS' CEO, then chimed in. BONTRIDDER said that Plaintiff and his co-worker's dishonest acts in sharing PERKINELMER and DOE DEFENDANTS' proprietary information with outsiders was a "serious offense" that was a "strict violation of company policy," so firing Plaintiff and his co-worker "for cause" was a "cut and dry" matter.

**FIRST CAUSE OF ACTION**
**Defamation**
**[Against ALL DEFENDANTS]**

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 inclusive, and incorporates the same herein by reference as though fully set forth herein.

28. GOSTICK knowingly and maliciously made false and defamatory statements about Plaintiff to third parties.

29. Specifically, GOSTICK said to PERKINELMER and DOE DEFENDANTS' top leadership that Plaintiff and a co-worker had shared DEFENDANTS' company secrets with persons outside the company. The statements were false.

30. BONTRIDDER then followed GOSTICK'S false statement by stating that Plaintiff and his co-worker's dishonest acts in sharing PERKINELMER and DOE DEFENDANTS' proprietary information with outsiders was a "serious offense" that was a "strict violation of company policy," so firing Plaintiff and his co-worker "for cause" was a "cut and dry" matter.

31. GOSTICK'S and BONTRIDDER'S defamatory statements, as PERKINELMER'S and DOE DEFENDANTS' executives, were made with actual malice or at least with a reckless disregard for the truth to impeach the honesty, integrity, and reputation of Plaintiff.

32.     As a direct and proximate result of DEFENDANTS' defamatory statements, Plaintiff has suffered harm to his personal and professional reputation, emotional distress, humiliation, embarrassment, and mental anguish.

33.     As a direct, foreseeable, and proximate result of DEFENDANTS' actions, Plaintiff has suffered and continues to suffer damage, including but not limited to lost employment opportunities, damage to personal and professional reputation, mental anguish, and other consequential damages, all in an amount according to proof at trial.

34.     As a further result of DEFENDANTS' actions, Plaintiff is entitled to recover general and special damages, including punitive damages, in an amount to be determined at trial.

35.     Plaintiff further requests an award of costs of suit, including reasonable attorneys' fees, as a result of DEFENDANTS' wrongful conduct.

**SECOND CAUSE OF ACTION**
**Age Discrimination**
**(Violation of 29 U.S.C. § 621 et seq)**
**[Against PERKINELMER and DOE DEFENDANTS]**

36.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 inclusive, and incorporates the same by reference as though fully set forth herein.

37.     At all times material hereto, Plaintiff was an employee, protected by 29 U.S.C. § 623(a)(1), which prohibits discrimination on the basis of age.

38.     At all times material hereto, PERKINELMER and DOE DEFENDANTS were employers within the meaning of 29 U.S. Code § 630(b), and as such were prohibited from engaging in age discrimination.

39.     Plaintiff was 63 years old when PERKINELMER and DOE DEFENDANTS fired him.

40.     Plaintiff was performing very well at the time of his termination. Plaintiff was due to receive his annual incentive bonus a few weeks after his firing. PERKINELMER and DOE DEFENDANTS also offered Plaintiff a retention bonus for his work at the company that Plaintiff was set to receive soon thereafter as well.

41.     PERKINELMER and DOE DEFENDANTS refused to provide any basis to fire

Plaintiff "for cause."

42.    Less than two weeks after Plaintiff's firing, PERKINELMER and DOE DEFENDANTS advertised a replacement job opening for Plaintiff's position with a significantly lower salary. This advertisement shows Plaintiff's position was not dispensable.

43.    Plaintiff is informed and believes that his age was a contributing factor in PERKINELMER and DOE DEFENDANTS ' decision to discharge Plaintiff.

44.    As a direct, foreseeable, and proximate result of PERKINELMER and DOE DEFENDANTS, and each of their behaviors, Plaintiff has suffered, and continues to suffer, substantial losses in past earnings, bonuses, deferred compensation, and other employment benefits, all to Plaintiff's damage in an amount according to proof at trial.

45.    As a further direct, foreseeable, and proximate result of PERKINELMER and DOE DEFENDANTS and each of their behaviors, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility, and PERKINELMER and DOE DEFENDANTS, each of them, having subjected Plaintiff to such treatment, all to Plaintiff's damage in an amount according to proof at trial.

46.    As a further direct, foreseeable, and proximate result of PERKINELMER and DOE DEFENDANTS and each of their behaviors, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

47.    As a result of the discriminatory conduct of PERKINELMER and DOE DEFENDANTS and each of them, as alleged herein, Plaintiff is entitled to costs of suit, including reasonable attorneys' fees, pursuant to 29 U.S.C. § 626(b), in accordance to proof at trial.

48.    On or about November 12, 2024, Plaintiff filed charges with the Equal Employment Opportunity Commission regarding PERKINELMER and DOE DEFENDANTS'

discriminatory conduct under the ADEA. More than 60 days have passed since Plaintiff filed with the EEOC.

## THIRD CAUSE OF ACTION
### Failure to Pay Wages
**(Violation of Utah Code §§ 34-28-5(1)(a), 34-27-1)**
**[Against PERKINELMER and DOE DEFENDANTS]**

49.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 inclusive, and incorporates the same by reference as though fully set forth herein.

50.    PERKINELMER and DOE DEFENDANTS failed to pay Plaintiff's earned wages, including all of his earned bonus. Under Utah Code section 34-28-5(1)(a) these wages are due no later than termination.

51.    PERKINELMER and DOE DEFENDANTS did not pay Plaintiff his annual incentive bonus for 2023.

52.    PERKINELMER and DOE DEFENDANTS' failure to pay all wages due to Plaintiff violates the provisions of Utah Code section 34-28-5(1)(a).

53.    PERKINELMER and DOE DEFENDANTS failed to pay the full sum of wages owed. Plaintiff is entitled to his wages, in an amount to be determined at trial.

54.    Under Utah Code section 34-27-1, Plaintiff requests that the Court award Plaintiff reasonable attorneys' fees and costs incurred by him in this action.

55.    Under Utah Code section 15-1-1(2), Plaintiff requests that the Court award Plaintiff pre-judgment and post-judgment interest at the prevailing legal rate.

## FOURTH CAUSE OF ACTION
### Late Payment of Wages
**(Violation of Utah Code § 34-28-5(1)(c))**
**[Against PERKINELMER and DOE DEFENDANTS]**

56.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 55, inclusive, and incorporates the same by reference as though fully set forth herein.

57.    PERKINELMER and DOE DEFENDANTS failed to pay all of Plaintiff's earned wages within 24 hours of the time of separation from PERKINELMER and DOE DEFENDANTS' payroll.

8

58.    Plaintiff, through counsel, subsequently made a written demand for his wages, and PERKINELMER and DOE DEFENDANTS failed to pay all of Plaintiff's earned bonuses within 24 hours of Plaintiff's written demand.

59.    PERKINELMER and DOE DEFENDANTS' failure to pay wages was willful in that PERKINELMER and DOE DEFENDANTS intentionally withheld, reduced, and violated the applicable statutes, thus entitling Plaintiff to penalties.

60.    Utah Code section 34-28-5(1)(c) provides that, in case of failure to pay wages due an employee within 24 hours of written demand, the wages of the employee shall continue from the date of demand until paid or for 60 days, at the same rate that the employee received at the time of separation, whichever period is shorter.

61.    PERKINELMER and DOE DEFENDANTS failed to pay the full sum of wages owed at the time of termination and failed to pay those sums for at least 60 days thereafter. Pursuant to the provisions of Utah Code section 34-28-5(1)(c), Plaintiff is entitled to a penalty of his daily rate multiplied by 60 days, in an amount to be determined at trial.

62.    As a result of PERKINELMER and DOE DEFENDANTS' failure to pay Plaintiff all unpaid wages, as alleged herein, Plaintiff requests that the Court award Plaintiff reasonable attorneys' fees and costs incurred by him in this action under Utah Code section 34-27-1.

63.    Under Utah Code section 15-1-1(2), Plaintiff requests that the Court award Plaintiff pre-judgment and post-judgment interest at the prevailing legal rate.

## FIFTH CAUSE OF ACTION
### Promissory Estoppel
### [Against PERKINELMER and DOE DEFENDANTS]

64.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 63 inclusive, and incorporates the same herein by reference as though fully set forth herein.

65.    DEFENDANTS made clear and unambiguous promises to Plaintiff regarding the payment of an annual incentive bonus and retention bonus for 2023.

66.    Plaintiff reasonably relied upon DEFENDANT'S promises to his detriment.

9

67. Plaintiff, in reliance on the promises made by DEFENDANTS, continued his employment with DEFENDANTS and did not pursue alternative employment opportunities that would have provided him with comparable financial compensation.

68. DEFENDANTS' promises were made with the intent to coax Plaintiff's reliance, and Plaintiff reasonably relied upon these promises to his detriment by continuing to work for DEFENDANTS and not pursuing other employment options.

69. DEFENDANTS' failure to pay Plaintiff his promised incentive and retention bonus, caused Plaintiff substantial harm, including the loss of income, emotional distress, and damage to his professional reputation.

70. As a direct, foreseeable, and proximate result of DEFENDANTS and each of their behaviors, Plaintiff has suffered and continues to suffer, substantial losses in past earnings, bonuses, deferred compensation, and other employment benefits, all to Plaintiff's damage in an amount according to proof at trial.

71. As a further direct, foreseeable, and proximate result of DEFENDANTS and each of their behaviors, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility, and DEFENDANTS, each of them, having subjected Plaintiff to such treatment, all to Plaintiff's damage in an amount according to proof at trial.

72. As a further direct, foreseeable, and proximate result of DEFENDANTS and each of their behaviors, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against DEFENDANTS as follows:

1. For general and special damages, including, but not limited to, pain and suffering, emotional distress, loss of reputation, and medical expenses, in an amount according to proof at

the time of trial;

2.     For actual damages, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits in an amount according to proof at the time of trial;

3.     For consequential and incidental damages and expenses, in an amount according to proof at the time of trial;

4.     For any and all unpaid wages earned as to the Third cause of action under Utah Code sections 34-28-5 and 34-27-1, in an amount according to proof at trial.

5.     For any and all penalties for the late payment of earned wages as to the Fourth cause of action under Utah Code § 34-28-5, in an amount according to proof at trial;

6.     For pre-judgment and post-judgment interest under Utah Code section 15-1-1(2) at the prevailing legal rate;

7.     For reasonable attorneys' fees as to all the Second, Third, and Fourth causes of action under 29 United States Code section 623(a)(1)) and Utah Code sections 34-28-5 and 34-27-1;

8.     For such other and further relief as the Court may deem just, proper, and equitable.


I declare under penalty of perjury that the foregoing is true and correct.


DATED: January 21, 2024.

By: _____

EDGAR D. LEE, Plaintiff

11